UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRELL EDWARD JONES, <br><br> Plaintiff, <br><br> v. <br><br> PAUL MASIELLO, et al., <br><br> Defendants. | CASE NO. 3:19-CV-5954-RBL-DWC <br><br> ORDER |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. Presently before the Court is Plaintiff's Motion to Retrieve Discovery/Trial Transcripts at Public Expense ("Motion"). Dkt. 26.

Plaintiff was granted *in forma pauperis* status on October 31, 2019. Dkt. 7. In the Complaint, Plaintiff alleges Defendants, two prosecuting attorneys and two detectives, violated his civil rights in Lewis County case where Plaintiff was found not guilty by a jury. Dkt. 8.

Plaintiff's Motion asks the Court to order Defendants to provide Plaintiff with his Lewis County Superior Court trial transcripts. Dkt. 26. Plaintiff has not provided any specific information as to why he needs the transcripts, only the conclusory allegation he needs the transcripts for "all of the facts of the matters" asserted by him. Dkt. 26. Plaintiff was advised by

ORDER - 1

the Lewis County Superior Court it would cost $1,080.00 to transcribe his trial transcript and two other hearings. Dkt. 26 at 4.

Defendants have provided Plaintiff with discovery documents at Plaintiff's request. Dkt. 27-1, Declaration of Defense Counsel, Cullen Gatten. Defendants are not the possession of Plaintiff's trial court transcripts. *See id.* The trial court proceedings were not transcribed as there was no anticipation of an appeal because Plaintiff was acquitted. Dkt. 27, 27-1.

Federal Rule of Civil Procedure 34(a)(1) requires the party upon whom the discovery request was served "to produce and permit the requesting party or its representative to inspect, copy, test or sample ..." the items that are deemed responsive to his request. Nothing in Rule 34 requires the producing party to bear the costs associated with the production.

The costs of discovery should be borne by the party requesting discovery and it is not Defendants' responsibility to provide Plaintiff with the resources necessary for him to litigate his case at Defendants' expense. *See Lewis v. Casey*, 518 U.S. 343, 384 (1996) (an inmate's constitutional right of access to the courts does not impose "an affirmative obligation on the states to finance and support prisoner litigation"); *Manley v. Zimmer*, 2013 WL 5978021, *3-4 (D. Nev. Nov. 8, 2013) (finding the expenses for the plaintiff's discovery should be borne by the plaintiff, and not the responsibility of the defendants).

Furthermore, although the Court granted plaintiff's application to proceed *in forma pauperis,* (Dkt. 7), the *in forma pauperis* statute, 28 U.S.C. § 1915, only waives the filing fee for an indigent prisoner's civil rights complaint, and it does not require the Court to order financing of the entire action or waiver of fees or expenses for discovery. *Hadsell v. Comm'r Internal Revenue Serv.,* 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir. 1993); *Tedder v. Odel,* 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam). Thus, Plaintiff is

financially responsible for all other costs of litigation including the cost of obtaining discovery documents.

Therefore, the Plaintiff's Motion (Dkt. 26) is denied.

Dated this 27th day of March, 2020.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge