UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRELL EDWARD JONES,<br><br>   Plaintiff,<br><br>   v.<br><br>PAUL MASIELLO, et al.,<br><br>   Defendants. | CASE NO. 3:19-CV-5954-RBL-DWC<br><br>ORDER |

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Terrell Edward Jones to United States Magistrate Judge David W. Christel. Presently before the Court are three Motions filed by Plaintiff: (1) Motion for Trial Transcripts Evidence at Government Expense ("Second Motion for Transcripts"); (2) Motion for Extension of Time to Complete Discovery (for Continuance) ("Motion for Extension"); and (3) Motion to Amend Complaint to Add Defendants the County of Lewis and the County of Pierce ("Motion to Amend"). Dkt. 32, 36, 37.

Plaintiff's Motion for Transcripts (Dkt. 32) is denied. The Court provides Plaintiff with an extension of time to file to complete discovery, and the Motion for Extension (Dkt. 36) is

ORDER - 1

granted. Plaintiff may file an amended complaint to include two additional defendants, which must be filed with the Court by August 7, 2020, and the Motion to Amend (Dkt. 37) is granted.

I. **Background**

Plaintiff initiated this lawsuit on October 7, 2019. Dkt. 1. Defendants filed an Answer on December 30, 2019. Dkt. 24. On December 31, 2019, the Court entered a Pretrial Scheduling Order ("Order"). Dkt. 25. The Order required all discovery to be completed by July 1, 2020. *Id.*

II. **Second Motion for Transcripts (Dkt. 32)**

For the second time, Plaintiff requests the Court order Defendants to provide Plaintiff with his state trial court transcripts. *See* Dkt. 26 (First Motion); 32. The Second Motion for Transcripts is duplicative and essentially requests the same relief as the First Motion, which the Court denied. *See id.* Dkt. 30. Plaintiff now alleges the transcripts will show Defendants violated his constitutional rights and seeks payment of costs pursuant to 28 U.S.C. § 1915(c). Dkt. 32 at 3.

As the Court previously stated, the *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize payment of an indigent litigant's general litigation expenses. *See* Dkt. 30 at 2 (citing *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989)). Here, Plaintiff requests the Court bear the costs of producing evidence to support his § 1983 claims, his state trial court transcripts. Dkt. 32. However, § 1915 authorizes service of process on behalf of an indigent litigant and, in certain cases, printing the record on appeal and preparing a transcript of *federal* proceedings.[1] It does

---

[1] The Court may direct payment by the United States of expenses of "(1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title." 28 U.S.C. § 1915(c).

not authorize payment for discovery costs, copying evidence or other documents, or witness fees and expenses. *Cf. Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993); *Tedder*, 890 F.2d at 211-12; *See Matthews v. Puckett*, 2016 WL 6872933, at *1 (9th Cir. Nov. 22, 2016) (*pro se* state prisoner proceeding *in forma pauperis* must bear his own discovery costs). Accordingly, Plaintiff's Second Motion for Transcripts (Dkt. 32) is denied. Any future duplicative requests seeking the same relief may be denied by the Court without comment.

### III.     Motion for Extension (Dkt. 36)

On June 15, 2020, Plaintiff filed the Motion for Extension, wherein he requests a ninety (90) day extension of the discovery period. Dkt. 36.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause and with the judge's consent. In the Motion for Extension, Plaintiff states his use of the law library is limited due to COVID-19 restrictions and social distancing precautions. Dkt. 36. Plaintiff also alleges protests have caused a shut down in detainee movement at the facility, and his computer time is very limited. Dkt. 36. Defendants object to an extension, arguing Plaintiff has not provided good cause. Dkt. 39.

Here, Plaintiff filed the Motion for Extension prior to the close of discovery. The Court also finds the ongoing health crisis and protests demonstrate good cause for an extension based on Plaintiff's limitations in accessing the law library and a computer. Accordingly, Plaintiff's Motion for Extension (Dkt. 36) is granted. The Pretrial Scheduling Order is amended as follows:

- All discovery shall be completed on or before October 1, 2020.
- Any motion to compel shall be filed and served on or before October 15, 2020.

1      • Any dispositive motion shall be filed and served on or before November 1, 2020.[2]

## IV.  Motion to Amend (Dkt. 37)

In the Complaint, Plaintiff alleges his constitutional rights were violated when two detectives, a witness, and a deputy prosecuting attorney violated his constitutional rights during the prosecution of a case in Lewis County Superior Court. Dkt. 8. Plaintiff names as Defendants: Jeffrey A. Schaap, Paul Masiello, M. Mohr, and Jeff Humphrey. Dkt. 8. In the Motion to Amend, Plaintiff seeks to add Lewis County and Pierce County as Defendants. Dkt. 37. Plaintiff did not file a proposed amended complaint with his Motion to Amend. *See* Dkt. 37.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

As Plaintiff the time has expired for filing an amendment as a matter of course, Plaintiff cannot amend pursuant to Rule 15(a)(1). Further, Defendants have not provided written consent allowing Plaintiff to amend. *See* Dkt. 39. Thus, to amend the Complaint, Plaintiff must have the Court's leave. *See* Fed. R. Civ. P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006)

---

[2] The Court notes the Pretrial Scheduling Order is amended only as to the deadlines for the completion of discovery and for filing motions to compel and dispositive motions. All other portions of the Pretrial Scheduling Order remain in full force and effect.

ORDER - 4

(*quoting* Fed. R. Civ. P. 15(a)). In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

Here, Plaintiff has not previously amended his complaint. *See* Dkt. There is no evidence Plaintiff, who is proceeding *pro se*, seeks to amend his Complaint for any dilatory or bad faith reason. Rather, Plaintiff wishes to add Lewis County and Pierce County as Defendants. Defendants do not claim prejudice, and the Court finds the proposed amendment is not futile. Accordingly, in order to allow a decision on the merits, the Court grants Plaintiff Motion to Amend (Dkt. 37).

However, Plaintiff cannot supplement his Complaint. He must file an amended complaint containing all claims for relief on or before August 7, 2020. If Plaintiff fails to file an amended complaint by August 7, 2020, this action will proceed on Plaintiff's Complaint (Dkt. 8).

The amended complaint must include all new claims and defendants he wishes to add which are related to his original Complaint. Plaintiff is directed to file the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the Complaint by reference. The amended complaint will act as a complete substitute for the Complaint, and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

The Court reminds Plaintiff, under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e).

Within the amended complaint, Plaintiff must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff is also advised in order to impose liability on local governments under § 1983, such as any claims against Lewis County and Pierce County, Plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-91 (1978).

Dated this 8th day of July, 2020.

David W. Christel
United States Magistrate Judge