UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRELL EDWARD JONES,

    Plaintiff,

        v.

PAUL MASIELLO, et al.,

        Defendants.

CASE NO. 3:19-CV-5954-JLR-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Terrell Edward Jones to United States Magistrate Judge David W. Christel. Presently before the Court are two Motions filed by Plaintiff: (1) Motion for Continuance (Dkt. 44) and (2) Motion to Compel 2nd Set of Interrogatories ("Motion to Compel," Dkt. 45).

Plaintiff's Motion for Continuance is granted, and Plaintiff's Motion to Compel is denied without prejudice.

I.    **Background**

Plaintiff initiated this lawsuit on October 7, 2019. Dkt. 1. Defendants filed an Answer on December 30, 2019. Dkt. 24. On December 31, 2019, the Court entered a Pretrial Scheduling

1  Order ("Order"). Dkt. 25. The Order required all discovery to be completed by July 1, 2020. *Id.*

2  On July 8, 2020, the Court extended the deadline to complete discovery to October 1, 2020. Dkt.

3  40. Motions to compel are currently due on or before October 15, 2020, and dispositive motions

4  are currently due on or before November 1, 2020.

5      II.      **Motion for Continuance (Dkt. 44)**

6          On September 23, 2020, Plaintiff filed the Motion for Continuance, wherein he requests a

7  second ninety (90) day extension of the discovery period. Dkt. 44.

8          Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be

9  modified for good cause and with the judge's consent. In the Motion for Continuance, Plaintiff

10  states his criminal trial proceedings are currently underway, and his ability to pursue discovery

11  has been reduced to "every other day due to my trial." Dkt. 44. Plaintiff also alleges there are

12  restrictions to law library use because of COVID-19 and social distancing requirements. *Id.*

13  Plaintiff alleges there are other detainees trying to access the law computer, which places him at

14  a severe disadvantage. *Id.* Plaintiff also notes there are ongoing protests but does not describe

15  how the protests have impacted his ability to conduct discovery. *Id.* Defendants object to an

16  extension, arguing Plaintiff has not provided good cause. Dkt. 46.

17          Here, Plaintiff filed the Motion for Continuance prior to the close of discovery. *See* Dkt.

18  40, 44. The Court also finds the ongoing health crisis and Plaintiff's criminal trial proceedings

19  demonstrate good cause for an extension based on Plaintiff's limitations in accessing the law

20  library and a computer. Accordingly, Plaintiff's Motion for Continuance (Dkt. 44) is granted.

21  The Pretrial Scheduling Order is amended as follows:

22          • All discovery shall be completed on or before January 1, 2021.

23          • Any motion to compel shall be filed and served on or before January 15, 2021.

24

1  • Any dispositive motion shall be filed and served on or before February 1, 2021.[1]

2  As this is the second extension of the Pretrial Scheduling Order, the Court notes it will

3  not look favorably upon any further motions for continuance or extensions of the discovery

4  deadlines. It remains Plaintiff's responsibility complete discovery in timely manner.

5  **III.   Motion to Compel (Dkt 45)**

6  Plaintiff moves for the Court to compel Defendants to answer a second set of

7  interrogatories. Dkt. 45. Plaintiff argues he is proceeding *pro se* and his current status a pretrial

8  detainee impacts his ability to conduct depositions. Dkt. 45. Thus, he requests he be allowed to

9  submit a second set of interrogatories. *Id.* In their opposition, Defendants argue Plaintiff has

10  failed to meet and confer, Plaintiff's request is cumulative and duplicative, the additional

11  interrogatories are irrelevant, and Plaintiff has not made a particular showing why there is a need

12  to exceed the amount required. Dkt. 46.

13  Pursuant to Federal Rule of Civil Procedure 37(a)(1):

14  . . . On notice to other parties and all affected persons, a party may move for an
   order compelling disclosure or discovery.  The motion must include a certification
15  that the movant has in good faith conferred or attempted to confer with the person
   or party failing to make disclosure or discovery in an effort to obtain it without
16  court action.

17  As an initial matter, Plaintiff has failed to provide a certification he conferred with

18  Defendants' counsel. Dkt. 45. He has also failed to attach any documentation showing he

19  requested a meet and confer with Defendants' counsel. *Id.* Furthermore, Defendants' counsel

20  submitted a Declaration indicating counsel received Plaintiff's Motion to Compel, but Plaintiff

21  had not attempted to meet and confer regarding the discovery dispute. Dkt. 47. Therefore, the

22  _____

23  [1] The Court notes the Pretrial Scheduling Order is amended only as to the deadlines for the completion of
   discovery and for filing motions to compel and dispositive motions. All other portions of the Pretrial Scheduling
24  Order remain in full force and effect.

Court finds Plaintiff has failed to comply with Rule 37 by certifying he conferred to attempted to confer with Defendants' counsel regarding the requested discovery prior to filing the Motion to Compel.

In addition, pursuant to Rule 33(a) of the Federal Rules of Civil Procedures, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a). Generally, the party requesting additional interrogatories must make a "particularized showing" as to why additional discovery is necessary. *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn.,* 187 F.R.D. 578, 586 (D. Minn. 1999). While the Court recognizes Plaintiff is proceeding *pro se* and a pretrial detainee, Plaintiff must still provide some basis for the Court to allow him to propound additional discovery. *See McNeil v. Hayes,* 2014 WL 1125014, at *2 (E.D. Cal. 2014) ("[T]he 'particularized showing' to obtain leave to serve additional interrogatories cannot be divorced from Plaintiff's pro se status."); *Smith v. Davis,* 2009 WL 2905794, at *1 (E.D. Cal. Sept. 4. 2009) (plaintiff bears the burden of demonstrating a need for additional interrogatories). A Court may deny a *pro se* plaintiff's request for additional interrogatories where the plaintiff has not sufficiently specified the reason additional interrogatories are necessary. *Doster v. Beard,* 2017 WL 1393509 at *4 (E.D. Cal. Apr. 13, 2017) (denying request to serve additional interrogatories where plaintiff did not explain the nature or subject matter of additional interrogatories); *McClellan v. Kern County Sheriff's Office,* 2015 WL 5732242 at *2 (E.D. Cal. Sept. 29, 2015) (denying motion for additional interrogatories because plaintiff did not specify what factual matters he sought clarification on or why he could not seek the information through other discovery tools). Here, Plaintiff's Motion to

1   Compel does not specify the nature or subject matter of the additional interrogatories, and thus,

2   Plaintiff has not shown why he will need an additional set of interrogatories in this case.

3         Accordingly, the Motion to Compel (Dkt. 45) is denied without prejudice. If Plaintiff finds

4   he requires additional information or seeks additional discovery, he may file a renewed motion

5   stating specifically why additional interrogatories are necessary. Any future motion should

6   also include a certification demonstrating the parties met and conferred and any proposed

7   interrogatories.

8         Dated this 21st day of October, 2020.

9

10                              _____

11                              David W. Christel
                                United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24